The People of the State of New York, Respondent,
against
Miguel Saldana, Appellant. 




Feldman and Feldman (Steven A. Feldman of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Danielle M. O'Boyle of counsel), for respondent.

Appeal from a judgment of conviction of the Criminal Court of the City of New York, Queens County (Suzanne J. Melendez, J.), rendered January 5, 2018. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the second degree, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with sexual abuse in the first degree (Penal Law § 130.65 [3]) and endangering the welfare of a child (Penal Law § 260.10 [1]). For disposition purposes, the People moved, pursuant to CPL 180.50 (3) (a) (iii), to reduce the felony charge of sexual abuse in the first degree to the misdemeanor charge of sexual abuse in the second degree (Penal Law § 130.60 [1]). Thereafter, defendant pleaded guilty to sexual abuse in the second degree and the Criminal Court advised defendant that it would a enter civil judgment for the mandatory surcharge and DNA fee. At sentencing, the Criminal Court sentenced defendant to 364 days' imprisonment, issued a full order of protection, and, as pertinent to this appeal, again stated that it would enter a civil judgment for the mandatory surcharge and DNA fee.
On appeal, citing People v Jones (26 NY3d 730, 733 [2016]), defendant contends that the Criminal Court erred in directing payment of the mandatory surcharge and DNA fee by civil judgment without placing its reasons on the record or issuing a written order therefor. Defendant further argues that he did not ask the sentencing court to direct payment of the mandatory surcharge and fee by civil judgment, and that the sentencing court's action was not in defendant's favor (see CPL 470.15 [1]), because it harmed his credit and may affect his employment opportunities. 
Defendant's claim is unpreserved for appellate review, as no objection was made at either the plea or sentencing proceedings (see CPL 470.05 [2]; People v Lettieri, 55 Misc 3d 147[A], 2017 NY Slip Op 50704[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017], citing People v Kamal, 144 AD3d 1055 [2016], lv denied 28 NY3d 1147 [2017]), and we decline to reach it in the exercise of our interest of justice jurisdiction.
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 24, 2020